IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
IN OPEN COURT

JUN 2 0 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

RICHARD EDWARD HARDY,

Defendant.

Case No. 2:23-cr-54

## STATEMENT OF FACTS

The United States and the defendant, RICHARD EDWARD HARDY (hereinafter, HARDY or "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From in or around August 2020 through in or around September 2022, in the Eastern District of Virginia and elsewhere, the defendant knowingly engaged in a mail fraud scheme that obtained money from victims across the United States through various fraudulent means, including through romance schemes and false real estate advertisements.

2. In August 2020, G.D., a resident of Tennessee, responded to an online fraudulent advertisement for a home to rent. She was instructed to mail United States Postal Service (USPS) money orders in the amount of $850 for a security deposit and $900 for first month's rent, to HARDY at his residence in Portsmouth, Virginia. She did so on or about August 8, 2020, and August 31, 2020, respectively, via USPS first class mail. HARDY cashed the $900 money order on or about September 8, 2020, at a USPS location in Portsmouth, and the $850 money order on or about August 10, 2020 at a commercial establishment.

1



3. In September 2020, HARDY was arrested by the Portsmouth Police Department for obtaining money by false pretenses, which pertained to his receipt of money orders from victim R.P., a resident of Alabama, for an alleged rental property to which R.P. never obtained access.

4. In July 2021, victim C.N., a resident of Utah, met "Kevin" on an online dating website, developed an online, romantic relationship, and agreed to help him with the purchase of a business. She provided "Kevin" with the account information for her United Services Automobile Association ("USAA") banking account. Thereafter, multiple checks drawn on the account of Virginia Union University were deposited in her USAA account, which checks were later determined to be counterfeit. As instructed by "Kevin," she then made cash withdrawals from her USAA account and purchased USPS money orders, which she mailed to HARDY at his residence in Portsmouth using USPS Priority Express Mail. This included twelve money orders, each in the amount of $500, which C.N. mailed to HARDY in two groups of six on or about July 24 and July 26, 2021.

5. On or about July 28, 2021, HARDY cashed six of the money orders from C.N. at three different USPS locations in Portsmouth, Virginia. The next day, he cashed six more of the money orders at three different USPS locations in Portsmouth, Virginia.

6. In June 2022, victim K.G., a resident of Florida, responded to an online fraudulent advertisement for the rental of a single-family home in Orlando, Florida. K.G. corresponded with "Edward Cruz" about renting the property, and was instructed to send money orders via FedEx to Cruz's "assistant," HARDY, at his residence in Portsmouth. K.G. purchased two USPS money orders, totaling $1,150, and mailed them to HARDY on or about June 16, 2022, via U.S. mail. Later that month, HARDY cashed the two money orders, one at a USPS location in Chesapeake and one at a commercial check cashing location.

7. On September 30, 2022, the United States Postal Inspection Service (USPIS) and the United States Department of Homeland Security – Homeland Security Investigations (HSI) executed a search warrant at the defendant's residence in Portsmouth, Virginia. The defendant was present and was informed of the nature of the investigation. HARDY agreed to a voluntary interview with Special Agents from HSI and USPIS. He acknowledged agreeing to accept "rent payments" from an individual in Texas. He stated he kept 5 – 10% of the funds and converted the rest to Bitcoin, which he sent to the individual in Texas. HARDY also confirmed his signature on the back of money orders from C.N. HARDY also acknowledged receiving COVID-19 unemployment insurance benefits from Massachusetts in May 2020.

8. In addition to the mail fraud scheme described above, the defendant also engaged in a change-of-address scheme that he continued following the search warrant execution. On or about September 13, 2022 and September 14, 2022, respectively, USPS change of addresses for victims T.G. and M.L., residents of Maryland and Rhode Island, respectively, were executed. Pursuant to those change of addresses, all of T.G. and M.L.'s mail was routed to HARDY's residence in Portsmouth, Virginia. On or about September 20, 2022, HARDY received a credit/debit card in the mail in M.L.'s name from J.P. Morgan Chase. On or about September 23, 2022, HARDY used M.L.'s card at a Kroger store in Portsmouth, Virginia to purchase gift cards totaling approximately $325. On or about September 25, 2022, HARDY received a credit/debit card in the mail in T.G.'s name from J.P. Morgan Chase. On or about October 18, 2022, several weeks after the execution of the search warrant, HARDY attempted to use T.G.'s card at the Kroger in Portsmouth to purchase gift cards totaling approximately $750.

9. HARDY's electronic devices were seized at the search warrant. One device was a tablet, which HARDY claimed was used solely for school work. However, a review of

3

Facebook Messenger chats on the tablet revealed that on or about July 25, 2021, HARDY sent a message on Facebook to a conspirator with the tracking number for a package containing six of C.N.'s money orders.

10. HARDY's cellular phone was also reviewed and found to contain relevant evidence from between 2020 and 2022, including various text messages where he received or sent Federal Express ("FedEx") and United Parcel Service ("UPS") tracking numbers, Bitcoin transaction information, and numerous messages with co-conspirators with wiring instructions and bank account information. It also contained an instant message conversation with N.H., in which he and N.H. are discussing purchasing gift cards. On or about September 24, 2022, HARDY tells N.H. he "will have to figure out how to turn that into cash" and that he will "go to Kroger and get cards."

11. His cellular phone also contained the following exchange between HARDY and an unknown individual on or about August 2, 2022:

> Unknown: Yesterday you were Richard Hardy and was working with Doris. What changed today?
>
> HARDY: I am not the realtor I am just a middle person
> You need to contact someone else
>
> Unknown: I sent money orders for $1100 to you on 7/11 by FedEx. You received those funds.
>
> HARDY: Okay
> I saw the[m] and the money was sent out to the person that told you to send them
> I am not sure what is really going on here but I was not the one that told you to send money to me...
> I am only the person that complete[d] the transaction unfortunately and I am clueless as to what and why and how
> Sorry
>
> Unknown: So are you Richard?

4

| | |
|---|---|
| HARDY: | Yes, but you really need to talk with the realtor cause I am not him |
| | Okay, good luck |
| | Reach out to the realtor if you are unhappy and a refund will be issued back to you. |
| Unknown: | You are part of a scam. |

12. As a result of his actions in the conspiracy and schemes described above, the defendant defrauded approximately 19 victims of approximately $87,267.82, and attempted to obtain approximately $104,457.05 (which attempts were not completed as a result of law enforcement intercepting the mailings).

13. From in or around August 2020 through in or around September 2022, the defendant resided in Portsmouth, Virginia, within the Eastern District of Virginia, and UPS or FedEx were private and commercial interstate carriers within the meaning of 18 U.S.C. § 1341.

14. The evidence and investigation confirm that from in or around August 2020 through in or around September 2022, in the Eastern District of Virginia and elsewhere, RICHARD EDWARD HARDY, the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated and agreed to commit mail fraud. Specifically, the defendant, and others known and unknown, having devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme or artifice and attempting so to do, knowingly placed in a post office and authorized depository for mail matter, a matter and thing whatever to be sent and delivered by the Postal Service; knowingly deposited and caused to be deposited a matter and thing whatever to be sent and delivered by private and commercial interstate carrier; knowingly took and received therefrom such matter and thing; and knowingly caused to be

delivered by mail and such private and commercial interstate carrier a matter and thing whatever according to the direction thereon, in violation of Title 18, United States Code, Section 1341.

15. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

16. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
E. Rebecca Gantt
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, RICHARD EDWARD HARDY, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
RICHARD EDWARD HARDY

I am Kirsten Kmet, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Kirsten R. Kmet, AFPD
Attorney for RICHARD EDWARD HARDY

7